**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL CONTINENTAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-2607 |
| | ) | Judge Charles Kocoras |
| NIKOLA VUKOVIC, AAA FREIGHT, INC., AND | ) | |
| MILJAN RANCIC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AAA FREIGHT INC. AND MILJAN RANCIC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendants, AAA Freight Inc. and Miljan Rancic (hereinafter referred to collectively as "AAA"), by its attorneys, Ostojic & Scudder, LLC, hereby submit their memorandum of Law in support of their Motion for Summary Judgment, and in support thereof hereby state as follows:

## I.  INTRODUCTION

The central issues to be determined by this court are as follows: 1) whether under the majority view, the MCS-90 endorsement is in the nature of a surety and is not intended to displace underlying insurance obligations; and 2) whether Vukovic was an employee of AAA.

AAA's position is that the MSC-90 endorsement in the policy of insurance it obtained from NCIC and the Motor Carrier Act of 1908 ("MCA") definition of "employee" broadens the policy's very own definition of "employee" and should not be applied. Therefore, the narrow definition, within the policy, of "employee" should be utilized and not the expansive vague definition offered by the MCA regulations. Likewise, while applying Illinois law to determine whether Vukovic is an "employee" of AAA a clear distinction must be made from

an "employee" and an independent contractor (guest, trainee, passenger or any other description of Vukovic's status). The evidence is undisputed and supports the finding that Vukovic was not an "employee" of AAA.

In light of the case law presented, it is plain that the MCA regulations and the MCS-90 endorsement does not expand, broaden or modify the definition of "employee" in the NCIC policy. Thus, coverage for the injuries sustained by Vukovic must be afforded. Furthermore, in light of the undisputed facts, no exclusions within the policy apply despite NCIC's desperate attempts to distort the true relationship between Vukovic and AAA.

For all these reasons, summary judgment should be entered in favor of AAA and against NCIC.

## II.     APPLICABLE LAW AND LEGAL STANDARDS

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits, if any, establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). On summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp.,* 477 U.S. at 323, *quoting* Fed. R. Civ. P. 56(c). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings but must "go beyond the pleadings and by [its] own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Id*. at 324, *citing* Fed.R.Civ.P. 56(e).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S.242, 248, 106 S.Ct. 2505 (1986). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Id*. at 255; *Bay v. Cassens Transport Corp.,* 212 F.3d 969, 972 (7th Cir. 2000).

When parties file cross-motions for summary judgment (as in this instant case), each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States,* 140 F.2nd 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broadcasting, Inc.,* 87 F.3d 224, 230 (7th Cir. 1996).

It is respectfully submitted that the parties agree that Illinois law controls the construction and application of the Policy terms. *See* NCIC'S Complaint at 6, ¶31; *See also* AAA's Answer to Complaint at 6, ¶31.

Construing the provisions of an insurance policy and determining the rights and obligations thereunder are questions of law that can be disposed by the court through summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 156 Ill 2nd 384, 189 Ill. Dec. 756, 620 N.E.2nd 1073, 1077 (Ill. 1993). When the words in the policy are

unambiguous, the court will afford them their plain and ordinary meaning and will not search for ambiguity where there is none. *Id*. at 1078. Unambiguous terms will be applied as written. *Id*. However, when an insurance policy provision is found to be ambiguous-subject to more than one reasonable interpretation-all doubts and ambiguities must be resolved in favor of the insured. *U.S. Fidelity & Guar. Co. v. Wilkin Insulation Co.,* 144 Ill 2d 64, 161, Ill Dec. 280, 578 N.E.2d 926, 926 (Ill. 1991).

The burden is on the insured to prove that a claim falls within the coverage of the Policy. *Axiom Ins. Managers, LLC v. Capitol Specialty Ins. Corp.,* 876 F.Supp.2d 1005, 1008 (N.D. Ill. 2012); and *One Beacon American Ins. Co. v. City of Zion* 119 F. Supp. 3d.821, 833 (N.D. Ill. 2015). "Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies." *Addison Ins. Co. v. Fay*, 232 Ill. 2d 446, 453-54, 328 Ill. Dec. 858, 905 N.E. 2d 747 (2009).

The burden rests with the insurer to demonstrate applicability of any exclusion; and courts will liberally construe any doubt as to coverage in favor of insured and against insurance company, especially when insurer seeks to avoid coverage based on alleged exclusion. *One Beacon American Ins. Co. v. City of Zion,* 119 F. Supp. 3d.821, 833 (N.D. Ill. 2015), *quoting, Johnson Press of America, Inc. v. N. Ins. Co. of New York,* 339 Ill. App. 3d 864,871-72, 274 Ill. Dec. 880, 791 N.E.2d 1291 (2003). "Exclusion provisions that limit or exclude coverage must be construed liberally in favor of the insured and against the insurer." *Pekin Ins. Co. v. Miller*, 367 Ill. App. 3d 263, 267, 305 Ill. Dec. 101, 854 N.E. 2d 693 (2006).

### III.     __RELEVANT POLICY PROVISIONS__

The policy of insurance that AAA obtained from NCIC was for all its autos. The policy plainly identifies within the description of Covered Auto Symbols, Symbol 1, Any "Auto". __Exhibit 12__. 45. At all times the parties knew and contemplated that AAA would "borrow or rent "autos" and were charged a premium of $564,625.00 for a liability policy of insurance with limits for bodily injury claims of $750,000.00. *See*, *Id*. at 1.

The policy of insurance covers the "auto" at issue and is within the policy coverage period. Likewise, NCIC required AAA to identify each and every driver so that it, NCIC may adequately assess the risk and approve and or disapprove of any drivers. Within that list of drivers is Miljan Rancic, the driver who was operating the "auto" when Vukovic was injured. The policy specifically defines an insured as anyone using a covered auto owned, hired or borrowed by AAA, with the exception of an "employee" of AAA. __Exhibit 12__. 46-47. The Policy also contains certain exclusions which NCIC mistakenly purports negate coverage, including exclusion of bodily injury to an "employee" or "fellow employee" of AAA arising out of employment by AAA or performing duties relating to AAA's business. __Exhibit 12__. 47-48.

The policy of insurance also contains an MSC-90 endorsement which states in pertinent part, that "Such insurance as is afforded, for public liability does not apply to injury or death of the insured's employees while engaged in the course of their employment…" __Exhibit 12__. 23.

Within the policy issued by NCIC to AAA there is a section which defines certain, but not all, terms within the policy. The definition of "employee" includes a "leased

5

worker," or person leased by a labor leasing firm, but not a "temporary worker," which is a person meeting short-term workload conditions or substituting for a permanent employee. **Exhibit 12**. 54-55. The NCIC policy of insurance does not define "labor leasing firm". Likewise, the NCIC policy of insurance does not define "independent contractors."

In addition to the foregoing, the policy of insurance was modified by the TRUCKERS ENDORSEMENT CA 2320 0310, which states in pertinent part that an insured is anyone using a covered auto except "(2) Your "employee" or agent if the covered auto is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household." **Exhibit 12**. 30.

## IV.   **ARGUMENT**

The NCIC policy provided to AAA plainly establishes that NCIC must afford coverage and provide a defense to AAA and indemnify AAA for the claim brought by Vukovic for the injuries he sustained. There is no dispute that the claim made by Vukovic falls squarely within the terms and conditions of the NCIC policy. The policy was issued on April 9, 2015. The policy period was from April 9, 2015 to April 9, 2016. The auto/truck that was involved in the accident was a covered "auto" under the terms and conditions of the NCIC policy. The driver, Rancic, was identified and included within the policy of insurance.

However, NCIC, in an attempt to avoid and thwart its obligations to afford coverage to AAA for the Vukovic claim, erroneously seeks to modify the terms of the policy by expanding the definition of "employee" within its own policy to include independent contractors while incorporating the MCS-90 Endorsement. Likewise, NCIC, seeks to avoid its obligations under the policy by incorrectly claiming the employee exclusions of the

6

policy negate coverage by virtue of a fictitious, expanded and erroneous definition of "employee."

AAA submits that the majority view, as well as the Seventh Circuit Court of Appeals, concluded that a MCS-90 endorsement is a surety and that it does not modify the terms of the policy and thus, the policy definition of "employee" should not be broadened by the federal regulation. Likewise, despite NCIC's attempt to classify Vukovic as an employee in order to prevent coverage, the facts are undisputed that at the time of the accident, on August 31, 2015 Vukovic was not, and never was an employee of AAA.

Therefore, pursuant to the terms of the policy issued to AAA, NCIC is obligated to defend and indemnify AAA for any and all claims made by Vukovic.

**A. Under The Majority View The MCS-90 Endorsement Is A Surety And Is Not Intended To Displace Underlying Insurance Obligations.**

The Seventh Circuit and the majority of the circuit courts concluded that a MSC-90 endorsement is a surety rather than a modification of an existing policy. The MCS-90 does not modify the terms of the AAA policy in order to expand and broaden the term "employee" as defined within the policy of insurance. The Seventh Circuit expressly stated in *Auto-Owners Ins. Co. v. Munroe*, 614 F.3d 322, 327 (7Th Cir. 2010) "the MCS-90 does not modify the terms of the policy, but, instead obliges the insurer to pay up to $750,000.00 of a final judgment regardless of the terms of the policy." It proceeds to explain that rather than modify the policy to which it is attached, the MSC-90 creates a suretyship among the injured public, the insured, and the insurer, under which the insurer agrees to guarantee a minimum payment to the injured public, regardless of whether the injury would in fact, be covered by the policy. *Auto-Owners Ins. Co. v. Munroe*, 614 F.3d 322, 327 (7Th Cir. 2010).

Likewise, in *Global Hawk Insurance Company v. Le*, the Tenth Circuit Court of Appeals held, definitions used in the MCA do not supplant the definitions in an insurance policy, especially when it would displace an insurer's obligation to pay a covered claim. *Global Hawk Insurance Company v. Le*, 584 F3d 868,873 (10th Cir. 2009).

The facts in *Spirit Commer.* are identical in many critical aspects as in the instant case. *Spirit Commer. Auto Risk Retention Grp. v. Kailey*, 2107 U.S. Dist. Lexis 105629, WL 2935726 (2017). In *Spirit Commer.*, the decedent, while sleeping in the sleeper berth of a commercial tractor-trailer was killed in a single car collision driven by a co-driver Shah. *Id*. Both the decedent and Shah were working for defendant Kailey as independent contractors. *Id*. Kailey was insured under a similar policy as in the instant case. *Id*. The policy contains a general grant of coverage and two exclusions. *Id*. It also contained a MSC-90 Endorsement. *Id*. The insurance company Spirit, filed a declaratory action and subsequently sought summary judgment, as did the other parties. Spirit argued that the federal Motor Carrier Act of 1980 (MCA) and its regulations, which include independent contractors in the definition of employee, apply to the policy because it includes a MCS-90 endorsement and the parties intended to comply with the MCA. *Id*.

Alternatively, *Spirit* argued even if the MCA definition is not applied to the policy, the decedent is an employee under state law and no coverage would be afforded because of the employee or fellow employee exclusion with the policy. *Id*. The United States District Court for the Eastern District of Missouri, Eastern Division, although applying California law on the issue of whether decedent was an employee or independent contractor, denied Spirit's motion for summary judgment and entered summary judgment in favor of the decedents spouse and defendant Kailey. *Id*. The facts in *Spirit Commer.* are on point and reject the

8

attempts by insurer's seeking to avoid coverage by expanding and broadening their very own definition of "employee" by relying on the MCS-90 endorsement. The court in *Spirit Commer.* also correctly noted the majority view as cited in multiple circuits, which conclude that a MCS-90 endorsement is a surety rather than a modification of the underlying policy. The court in Spirit Commer., further properly acknowledged that the Tenth and Seventh Circuit's opinions on this issue were more persuasive. *Id*. at 13.

AAA respectfully submits that *Auto Owners Insurance* and the majority view is controlling and should be followed here. Like the policy at issue in the instant case, the *Spirit Commer.* policy contains an MCS-90 endorsement and the underlying policy of insurance has the same, identified definitions of "employee" as that within the NCIC policy.

AAA recognized that there exist some cases which address the MCS-90 endorsement and claim that the definition of "employee" is not ambiguous and thus, should be expanded to include independent contractors. However, those cases are respectfully not applicable for various reasons including, those cases, for the most part, lacked a definition of "employee" within their respective policies of insurance, unlike the NCIC policy of insurance, which has a narrow definition of" employee".

NCIC may attempt to ignore the majority view as set forth in *Auto Owners Insurance* and *Global Hawk*, as well as *Spirit Commer.,* and instead rely upon such cases as *Consumer County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.,* 307 F.3d 362 (5th Cir. 2002*), Perry v. Harco Nat'l Ins. Co.,* 129 F.3d 1072 (9th Cir. 1997), and *Canal Ins. v. A&R Transp. And Warehouse, LLC,* 357 Ill.App.3d 305 (Ill.App.1st Dist. 2005), in order to bolster its position that the MSC-90 endorsement purportedly modifies the terms and definitions

within the policy addressing "employee". However, NCIC's position and reliance on those line of cases is respectfully untenable.

In *Consumers,* two independent contractors while driving as a team were involved in a single vehicle accident causing fatal injuries to the non-driving contactor who was sleeping at the time of the accident. *Consumer County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.,* 307 F.3d 362 (5th Cir. 2002)*.* Although the Fifth Circuit did incorporate the broad definition of "employee" as used in the MCA to include independent contractors as "employees", it has little if any precedential weight in our case for simply, at least, two reasons. First, the policy of insurance in *Consumers,* unlike the NCIC policy at issue, did not have a definition of the term "employee" in the policy. *Id*. Second, the Fifth Circuit did not reference the MCS-90 endorsement explicitly and the deceased driver's family were not seeking coverage under that endorsement. *Id*. Any reliance on *Consumers* by NCIC would be misplaced.

In *Perry*, a driver sustained fatal injuries in a single-vehicle accident while driving a tractor owned by his employer that was in turn leased to a motor carrier. *Perry v. Harco Nat'l Ins. Co.,* 129 F.3d 1072, 1073 (9th Cir. 1997). That is where the similarities end between *Perry* and the underlying Vukovic case. Unlike the facts in the instant case, the facts in *Perry* differed significantly, because the motor carrier's policy did not specifically cover the leased tractor and the family of the deceased driver sought to recover from the MSC-90 endorsement. *Id*. In the present case, the tractor and the driver were listed as covered within terms of the policy of insurance and Vukovic is seeking to recover from the NCIC policy.

Similar to *Perry*, the facts in *Canal* reveal that the driver sustained injuries in a single vehicle accident, while hauling a trailer owned by the motor carrier as an independent contractor. *Canal Ins. v. A&R Transp. And Warehouse, LLC,* 357 Ill.App.3d 305, 827 N.E.2d 942, 945 (Ill.App.1st Dist. 2005). The trailer was owned by the motor carrier, and the carrier's liability policy provided coverage for its trailers, but only when hauled by a scheduled by tractor. *Id*. In *Canal*, the driver had leased his tractor from a third party such that the liability policy fell outside the terms of the policy of liability insurance. *Id*. at 948. Further, in *Canal* the parties, including the injured claimant, acknowledged and admitted that the auto/vehicle was not covered under the policy and sought to recover pursuant to the MCS-90 endorsement. *Id*.

Each of those cases *Consumer, Perry* and *Canal* are readily distinguishable from the instant matter factually and any reliance on them would be misplaced.

Nevertheless, despite the cases that NCIC may rely upon, the undisputed facts in this matter are unique to those cases and support a judgment in favor of AAA finding that NCIC is obligated to afford coverage, both a duty to defend as well as the duty to indemnify AAA for the claims brought by Vukovic.

There is no credible evidence to suggest that Vukovic was an "employee" of AAA and NCIC's attempt to avoid coverage should be rejected. Further, NCIC's attempts to expend and broaden the definition of "employee" within its own policy to include independent contractors is the only manner in which any of its purported exclusions remotely may apply. It is respectfully submitted, based on the Seventh Circuit authority, as well as the majority view, given that the definition of "employee" as set out within the policy, that independent contractors are not included in such a definition, and thus, the

11

exclusions that NCIC seek to negate its obligations are not applicable and are otherwise misplaced, misguided, and untenable. The second issue presented is whether Vukovic is an "employee" of AAA as defined within the NCIC policy of insurance issued to AAA.

### B. Under Illinois Law, Vukovic Was Not An Employee Of AAA At The Time Of The Accident.

In Illinois, the test in an insurance coverage dispute as to whether a person is an employee was articulated in *Illinois Founders Insurance Co. v. Barrett,* 304 Ill. App.3d. 602 (1st Dist. 1999). In determining whether an individual is an employee as provided in an insurance contract exclusion, a court will review and examine several factors, including: the alleged employer's control over the individual; the employer's ability to discharge the individual; whether the employer furnished materials, tools or equipment; the regularity of work; and whether the employer compensated the individual for the work performed. *Illinois Founders Insurance Co. v. Barrett,* 304 Ill. App.3d. 602 (1st Dist. 1999) (citing *Universal Underwriters Ins. Co. v. State farm Auto Ins. Co,* 128 Ill. App. 3d 696, 701 (5th Dist. 1984). In addition, another factor critical to determine whether a person is an employee courts have examined whether the alleged employer deducted for withholding tax. *Davis v. Industrial Com's.*

Courts have held that no one factor is determinative, but all must be considered together. *Taber v. Defenbaugh*, 9 Ill. App. 2d 169, 173, 132 N.E. 2d 454 (Ill. App. 3 Dist. 1956).

In the instant matter four (4) depositions were taken in order to determine whether Vukovic was, at the time of the accident, an "employee" of AAA within the definition of the policy issued by NCIC.

The facts are undisputed that on August 31, 2015 Vukovic was not an employee of AAA. During the deposition of Vukovic, Vukovic stated repeatedly that at the time of the accident he was a "trainee" of MBDP007 and was being trained by Rancic. Rancic Dep. at 67-68.

Further, Vukovic stated unequivocally, that as a "trainee" he was not being paid and had no expectation of being paid. *Id*. at 81. Vukovic also stated that he was a "trainee" to become a driver for MBDP007 and that he did not know anyone by the name of Keljevic, who is the President of AAA. *Id*. at 99, 102.

Similarly, Rancic, the driver of the "auto," which was involved in the single-vehicle accident that caused the injuries sustained by Vukovic stated that Vukovic was not paid anything for the trip because he was merely a passenger. Rancic Dep. at 46. Rancic explained that MBDP007 requested that Rancic drive west because Vukovic had to accomplish something in Washington and the President of MBDP007 offered a load going towards Spokane, Washington, where Vukovic and Rancic coincidentally each maintained a residence. *Id*. at 42.

Rancic further testifies that Vukovic did not have a CDL and merely had a temporary CDL or a certificate that would allow him to get his CDL. *Id*. at 47. Rancic also testified that Vukovic was not his "co-driver." *Id*. at 84. During the trip out West, Rancic confirmed that Vukovic did not maintain log books. *Id*. at 93. Rancic explained he had previously taken the same route on his own, and thus did not need Vukovic at all. *Id*. at 108. Clearly and plainly, Rancic testified that Vukovic was not indispensable to him. *Id*.

Finally, Rancic confirmed that the training he was providing to Vukovic was for MBDP007 and that none of the training was going to benefit AAA. *Id*. at 109.

AAA's President, Antonije Keljevic, provided testimony in this matter that AAA did not provide workers' compensation to either Rancic or Vukovic. Keljevic Dep. at 106. Likewise, Keljevic testified that he cannot fire Rancic (or Vukovic) because they were independent contractors and not employees, and simply stated "I didn't bring Rancic to [AAA]. I cannot

fire Rancic as well." *Id*. at 111. Further Keljevic confirmed that AAA does not give any direction to any drivers as to what route to take. *Id*. at 117, 120. Keljevic also clearly stated that AAA has no control over Vukovic. *Id*. at 123. Finally, AAA never paid Vukovic any salary or compensation. *Id*. at 125.

Christine Sukel, a corporate claims attorney for Progressive Insurance and its subsidiary, NCIC, also provided testimony. Sukel Dep. at 6. Curiously, in determining whether or not coverage should apply in this case, Sukel did not review the deposition transcripts and testimony of Vukovic, Rancic, or Keljevic and was merely provided summaries of these depositions. *Id*. at 12, 28, 49, 50, and 61. Sukel acknowledged that it was determined that Vukovic and Rancic were independent contractors. *Id*. at 23-24, and 53.

With respect to the exclusion of "leased worker" in the policy, Sukel was able to incredulously state that "it's possible that this gentleman (Vukovic) could be considered a leased worker." Id. at 46.

Sukel acknowledged and stated that she was aware that Vukovic testified that at the time of loss he was in fact an employee of MBDP007. Id. at 80. She further acknowledged that she has no evidence or information contrary to what Vukovic testified to. *Id*. at 80-81.

Regardless of whether Vukovic was an independent contractor, guest, passenger, leased employee or temporary worker at the time of the accident, the employee exclusions asserted by NCIC within the policy do not apply and thus, coverage should be afforded to AAA for the claims brought by Vukovic, because Vukovic was not an "employee" of AAA.

The uncontested facts in this matter establish that Defendant Vukovic was not an employee of AAA freight at the time of the accident. Therefore, the employee exclusion in the NCIC policy does not apply to refuse coverage for the incident.

V.       <u>**CONCLUSION**</u>

WHEREFORE, Defendants AAA Freight, Inc. and Rancic pray that this Honorable

Court enter summary judgment in their favor and against Plaintiff, NCIC, and find and

declare as follows:

1) NCIC Policy Number CIL 000-5276-678-5 affords coverage for the incident on
August 31, 2015 and the claims asserted by Defendant Vukovic;

2) That the co-Defendant Vukovic was not an employee of AAA Freight at the time
of the accident on August 31, 2015;

3) Declare the NCIC owes a duty to defend and indemnify to Defendant AAA
Freight, Inc., for any and all allegations brought by co-Defendant Vukovic;

4) Grant any and all further relief that it deems just and proper.

Respectfully submitted,

AAA FREIGHT, INC., and
MILJAN RANCIC,

By: /s/ John R. Ostojic
     One of Defendant's Attorneys

John R. Ostojic
Anna Liisa Schourek
Ostojic & Scudder, LLC
19 North Green Street
Chicago, Illinois 60607
(P) 312.913.0860
john@ostojiclaw.com
a.schourek@ostojiclaw.com
ARDC#: 6190201
ARDC#: 6313929

15