IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE CO., ) ) Plaintiff, ) ) ) v. ) ) NIKOLA VUKOVIC, AAA FREIGHT, INC., and ) MILJAN RANCIC, ) ) Defendants. ) | No.: 17-cv-2607 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff, NATIONAL CONTINENTAL INSURANCE CO. ("NCIC"), by its attorneys, THE HUNT LAW GROUP, LLC, pursuant to Federal Rule of Civil Procedure 56, for its Motion for Summary Judgment, moves this Honorable Court for summary judgment in favor of NCIC and against Defendants, NIKOLA VUKOVIC ("Vukovic"), AAA FREIGHT, INC. ("AAA"), and MILJAN RANCIC ("Rancic"), and in support of its motion, states the following:

### INTRODUCTION

The subject declaratory judgment action was filed as a result of the underlying suit involving a single-vehicle accident. Specifically, the underlying complaint alleges that Vukovic was an authorized passenger in a subject semi-tractor who sustained injuries as a result of Rancic's negligence in the operation of the semi-tractor owned by co-defendant AAA. The underlying complaint also alleges that, at all times, Rancic was acting as either the employee, agent, and/or servant of co-defendant AAA. AAA has tendered the underlying suit to NCIC. In turn, NCIC provided a defense to AAA under a full reservation of rights and filed this declaratory judgment action.

1

The basis of NCIC's declaratory action is that the subject policy is a public-liability policy, designed specifically for use by a motor carrier in the interstate trucking industry, intended to comply with the insurance requirements of the Federal Motor Carrier Safety Regulations ("FMCSR"). As such, the FMCSR definition of employee, which includes both an employee and an independent contractor, is applied to define the term employee as used in the policy. Thus, NCIC contends both Rancic and Vukovic were independent contractors at the time of the subject occurrence and the underlying action is, therefore, excluded from coverage under both "the Fellow Employee" and "Employee Indemnification and Employer's Liability" exclusions.

## APPLICABLE LAW

*Statutory Employee*

The Motor Carrier Safety Act ("MCSA") requires motor carriers to procure at least a minimum level of public liability insurance in order to obtain an operating permit. *Consumers Cty. Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362, 365-66 (5th Cir. 2002), citing 49 U.S.C. § 13906. The purpose of this insurance requirement is to ensure that a financially responsible party will be available to compensate members of the public injured in a collision with a commercial motor vehicle. *Id.* at 366. Although the MCSA places an affirmative insurance obligation on motor carriers with respect to the public, it does not require motor carriers to obtain coverage for "injury to or death of [their] employees while engaged in the course of their employment." *Id.*, citing 49 C.F.R. § 387.15.

The Federal Motor Carrier Safety Regulations ("FMCSR"), promulgated pursuant to authority granted by the MCSA, prescribes a minimum level of financial responsibility required to be maintained by a motor carrier transporting nonhazardous properties at a minimum of

$750,000. 49 C.F.R. § 387.9. A proof of the required financial responsibility may be met by attaching an MCS-90 Endorsement. § 387.7(d) (1).

Accordingly, a public-liability policy, which is designed specifically for use by motor carriers in the interstate trucking industry in compliance of the requirements set forth by the MCSA and the FMCSR, is to be interpreted in reference to such requirements. *Consumers,* 307 F.3d at 366. Additionally, where a federally-mandated MCS-90 Endorsement is attached to the policy, federal law governs its operation and effect. *Canal Ins. v. A & R Transp. & Warehouse, LLC,* 357 Ill. App. 3d 305, 311 (2005). Furthermore, where a policy defines "employee" as "including a 'leased worker,' but does not include a 'temporary worker,'" the policy is to be interpreted with reference to the FMCSR definition because the policy's definition is not comprehensive and provides limited guidance. *Miller v. Northland Ins. Co.,* 2014 WL 1715076, at 4 (Tenn. Ct. App. Apr. 29, 2014).

In such cases, Section 390.5 of the FMCSR supplies the definition of the term "employee" in the policy. *Consumers,* 307 F.3d at 366. The FMCSR provides the definition of "employee" as follows:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler.

49 C.F.R. § 390.5. Accordingly, the FMCSR includes an independent-contractor driver as a "statutory employee" and, thereby, eliminates the traditional common law distinction between employees and independent contractors. *Consumers,* 307 F.3d at 365.

In addition, the FMCSR definition of "employee" also includes an independent-contractor driver who operates as a team-driver. A team-driver, even the one who is not actively engaged in

3

operating a commercial motor vehicle, is nevertheless a "statutory employee." *See Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469 (5th Cir. 2009) (holding that a public-liability policy does not give rise to coverage for a team-driver's injury arising out of an accident that occurred while he was asleep as a passenger); *Consumers*, 307 F.3d 362 (holding that a public-liability policy does not give rise to coverage to a team-driver's claim for his injuries that he sustained while he was asleep as a passenger); *White v. Excalibur Ins. Co.*, 599 F.2d 50, 53 (5th Cir. 1979) (holding that a team-driver who was resting is nevertheless a statutory employee because "the activities of each of the pair during a single driving stint, including his rest period, are clearly within the course of his employment.").

The foregoing interpretation of the FMCSR definition of "employee," which includes independent contractors and team-drivers, is well-supported by long-standing case law.

In *Canal*, App. 3d 305 (2005), the Illinois First District affirmed the trial court's grant of summary judgment in favor of the insurer by holding that an MCS-90 Endorsement did not give rise to coverage for a driver's claim against the named insured for his own injuries, regardless of whether the driver was an employee or an independent contractor. The plaintiff was involved in a single-vehicle accident while operating a tractor he had rented from a third party which was not listed on the policy's schedule or owned automobiles. The plaintiff filed suit against both the lessor of the tractor and the named insured, who owned the trailer. *Id.* at 308.

The insurer filed a declaratory judgment action, asserting that it had no duty to indemnify the named insured because neither the tractor nor the trailer at issue were listed on the policy's schedule of owned automobiles. *Id.* at 309. Conceding this point, the underlying plaintiff argued that the insurer was nevertheless obligated to indemnify the named insured, by virtue of the MCS-90 Endorsement in the policy, which he claimed expanded the scope of the policy's coverage

4

beyond the owned-auto limitation. *Id.* The insurer countered that, for the purposes of the MCS-90 Endorsement, the plaintiff was an employee of the named insured, such that his claim was not covered. *Id.*

The Illinois First District noted that the federal government requires the MCS-90 Endorsement to be attached to any liability policy issued to an interstate motor carrier and, as such, the court found that federal law governs the operation and effect of MCS-90 Endorsement. *Id.* at 310. The Court noted that the term employee, which is not specifically defined in the MCS-90 Endorsement, is defined in 49 C.F.R. 390.5 as "a driver of a commercial motor vehicle (including an independent contractor while in course of operating a commercial motor vehicle)." *Id.* at 311. The court then held that the regulatory definition of employee governed the application of the endorsement and found that the plaintiff's claim was excluded because the plaintiff was a statutory employee of the named insured. *Id.*

In *Perry v. Harco Nat'l Ins. Co.*, 129 F.3d 1072 (9th Cir. 1997), the United States Ninth Circuit Court of Appeals also affirmed the trial court's grant of summary judgment in favor of the insurer and held that an MCS-90 Endorsement did not give rise to coverage for a leased vehicle driver's claim against the named insured for his own injuries. The plaintiff's decedent sustained fatal injuries while driving a tractor owned by his employer, which was in turn leased to the named insured. *Id.* at 1073. The policy did not specifically cover the tractor that the decedent was operating. *Id.* However, the plaintiff claimed that the claim was covered under the MCS-90 Endorsement, and that the employee exclusion of the endorsement did not apply because the decedent was an independent contractor of the named insured. *Id.*

The Ninth Circuit noted that the MCS-90 Endorsement is mandated by 49 C.F.R. 387.1. *Id.* at 1074. The court further found that the relevant definition of employee comes from 49 C.F.R.

5

390.5, which defines employee to include independent contractors. *Id.* Accordingly, the court concluded that the claim was not covered under the policy due to the employee exclusion in the MCS-90 Endorsement, when read in conjunction with the definition of the term "employee" from the FMCSR. *Id.* at 1075. The plaintiff argued that the ruling was unfair because it would leave drivers of leased commercial motor vehicles without any recourse for their injuries. *Id.* The court rejected the plaintiff's argument, noting that the plaintiff did have a recourse under the worker's compensation system. *Id.* The court declined to determine whether, under the federal regulations, drivers of leased vehicles have any cause of action against the lessee/motor carrier. *Id.* The court simply determined that, regardless of whether any such claim exists, such claim would not be covered under the policy due to the employee exclusion in the MCS-90 Endorsement. *Id.*

In *Consumers*, 307 F.3d 362 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals affirmed the trial court's grant of summary judgment in favor of the insurer and also found that a public-liability policy did not give rise to coverage to a team driver's claim for his injuries that he sustained while he was a passenger. The named insured directly hired two drivers to haul a specific load as a team. One driver got into a single vehicle accident, killing himself and seriously injuring the other team driver who was asleep. *Id.* at 364. The surviving driver sued the named insured, who tendered to its insurer. *Id.*

The insurer then filed a declaratory judgment action, arguing that the claim was excluded by the employee exclusion in the policy, while conceding that the tractor was specifically named under the policy. *Id.* The policy contained the same employee exclusions as the subject policy, but did not contain any definition of the term employee. *Id.* The court stated that the policy was a public liability policy that was designed specifically for use by motor carriers in the interstate trucking industry. *Id.* at 365. As such, the court found that the term employee was unambiguous,

6

30787

and that the parties clearly intended for the FMCSR's definition of an employee to apply to the policy. *Id.* at 367.

The plaintiff argued that the FMCSR definition should not apply in cases involving a driver's own injury because the policy behind the enabling legislation for the FMCSR was to prevent motor carriers from using independent contractors to avoid liability for injuries caused to the public by their operations, and the accident did not involve an injury to a member of the public. *Id.* However, the Fifth Circuit noted that the FMCSR did not require motor carriers to obtain coverage for injuries to their employees. *Id.* Further, the court concluded that the term employee under the policy could not have one meaning when an accident involves a member of the public and another meaning when the accident involves only the carrier's driver. *Id.*

In *Ooida*, 579 F.3d 469, the United States Fifth Circuit Court of Appeals reversed the trial court's grant of summary judgment in favor of the deceased-driver and rendered summary judgment in favor of the insurer by holding that a public-liability policy did not give rise to coverage for a team driver's injury claim arising out of an accident that occurred while he was a passenger. The team-driver/passenger was fatally injured in a single-vehicle accident while the tractor trailer was operated by another driver. The injured passenger was also the sole owner of the named insured. *Id.* at 471.

The insurer sought declaration that the policy did not cover the injured passenger's claim against the driver, based on the same employee exclusions in the policy as the subject policy. The policy also included an MCS-90 Endorsement. *Id.* The Fifth Circuit applied the definition of an employee contained in the FMCSR to determine whether the claim arose out of an injury to a fellow employee and found that both the driver and the passenger were statutory employees. *Id.* at 474-475. Accordingly, the court found that the insurer did not have a duty to defend by virtue of

7

the fellow employee exclusion. *Id.* at 476. The court further found that there was no duty to indemnify under the MCS-90 Endorsement because the passenger was an employee within the exclusion of the endorsement. *Id.* at 478.

More recently, in *United Fin. Cas. Co. v. Abe Hershberger & Sons Trucking Ltd.*, 2012-Ohio-561, the Ohio Tenth District affirmed the trial court's grant of summary judgment in favor of the insurer by holding that a trainer who was hired to train a part-time driver-in-training was a statutory employee, even where he did not drive the vehicle. The trainer was hired by an interstate motor carrier to train a part-time driver-in-training. *Id.* at 1. The driver-in-training did not have a commercial driver's license and was not authorized by federal law to operate a commercial vehicle without a licensed driver in the vehicle with him. *Id.* On the day of the accident, the driver-in-training lost control of the truck, which flipped onto its side and top and the trainer died as a result of the accident. *Id.* At all times, the driver-in-training was the only one who was actually driving the truck and the trainer never drove the truck. *Id.*

The insurer of the motor carrier filed a declaratory judgment action and moved for summary judgment on the ground that both the trainer and the driver-in-training were statutory employees under federal law. *Id.* at 2. The motor carrier filed a cross-motion, contending that the trainer was not an employee. *Id.* The trial court granted the motion in favor of the insurer. *Id.*

The Appellate Court affirmed by holding that the trainer was a statutory employee because the FMCSR definition of employee includes an independent contractor and does not limit the definition to instances when the individual is actually operating a commercial motor vehicle but covers *any* situation involving a motor vehicle accident on a public highway. *Id.* at 5-6. Also, the Court further held that the trainer "directly affected commercial motor vehicle safety" within the FMCSR's definition of employee because the trainer was required to accompany the driver-in-

8

training under federal law, making both of them indispensable to the operation of the vehicle. *Id.* at 8.

In brief, the foregoing case law indicates that the FMCSR definition of "employee" is incorporated into a public-liability policy where it is designed and intended to comply with the insurance requirements of the Federal Motor Carrier Safety Regulations ("FMCSR"). When the FMCSR definition of "employee" is incorporated, an independent-contractor, even including a team-driver who is not actively engaged in the operation of the truck, is a "statutory employee" and is subject to pertinent employee exclusions contained in the policy.

## ARGUMENT

According to the FMCSR definition, both Nikola Vukovic and Miljan Rancic were "employees" at the time of the subject occurrence because they were working as independent-contractor drivers to haul products for AAA for the benefit of AAA and for the benefit of MBDP007. Thus, Vukovic's underlying claim is excluded under the subject policy's "Fellow Employee" and "Employee Indemnification and Employer's Liability" exclusions.

The subject policy was clearly intended to comply with the requirements of the FMCSR because it was designed specifically for use by a motor carrier, such as AAA. *See Consumers*, 307 F.3d at 365. Without this subject policy, which satisfies the insurance requirements set forth by the FMCSR, AAA would not be able to maintain its business as a federal motor carrier. Moreover, the MCS-90 Endorsement, which is attached to the subject policy, serves as additional proof that the policy was designed and intended to comply with the requirements of the FMCSR.

Accordingly, the FMCSR definition of "employee" is applied to define the term as used in the subject policy. Based on the FMCSR definition of "employee," which includes an independent contractor, both Vukovic and Rancic were "employees" at the time of the subject

occurrence. Although the applicability of either the "Fellow Employee" exclusion or the "Employee Indemnification and Employer's Liability" exclusion alone is sufficient to exclude coverage, the following discussion provides that both exclusions are applicable, thereby excluding the underlying suit from coverage under the subject policy.

I. **The subject claim is excluded under the subject policy's "Fellow Employee" exclusion because Vukovic and Rancic were statutory employees operating as team-drivers and Vukvoic's injury arose out of and in the course of Rancic's act of performing duties related to the conduct of AAA's business.**

In order for the subject policy's "Fellow Employee" exclusion to apply, (1) both Vukovic and Rancic must have been "fellow employees" and (2) Vukovic's injury must have arisen out of and in the course of Rancic's act of performing duties related to the conduct of AAA's business.

First, both Vukovic and Rancic were statutory employees at the time of the subject occurrence, as the FMCSR definition of employee includes independent contractors. *See* 49 C.F.R. § 390.5. The lease agreement between AAA and MBDP007 clearly indicates that the drivers were rendering services to AAA as an independent-contractor driver and the presence of Vukovic benefited both AAA and MBDP007. Also, the testimony is clear that both Rancic and Vukovic were paid by AAA - - through MBDP007 - - for the services they provided. Moreover, Vukovic himself clearly testified that he partook in operating the vehicle. Furthermore, Vukovic provided other assistance to Rancic - - such as "spotting" to for Rancic when he was backing up the trailer to the loading dock - - which makes him more than a mere passenger. Therefore, both Vukovic and Rancic were statutory employees because they were independent-contractor drivers, as well as team-drivers for AAA, and the presence of Vukovic benefited both AAA and MBDP007.

Second, Vukovic's injury *arose out of* Rancic's act of performing duties related to the conduct of AAA's business. In Illinois, the phrase, "arising out of," is construed as the "but for" causation and has been held to mean "originating from," "having its origin in," "growing out of"

10

30787

and "flowing from." *Maryland Cas. Co. v. Chicago & N. W. Transp. Co.*, 126 Ill. App. 3d 150, 154 (1984). Here, the evidence clearly establishes that Rancic's operation of the truck was a "but for" cause which resulted in Vukvoic's injuries. Furthermore, Vukovic's injury occurred while *in the course of* Rancic's act of performing duties related to the conduct of AAA's business. The phrase, "in the course of," "refers to time, place, and circumstances under which the accident occurred." *Chmelik v. Vana*, 31 Ill. 2d 272, 278 (1964). Here, Rancic was in the midst of hauling a load from Idaho to its destination of Indiana. However, Rancic did not complete the delivery and was involved in the subject accident in Idaho. Thus, Rancic's work was never completed and he was still *in the course* of finishing his contractual duty for AAA.

Therefore, Vukovic's injury claim is excluded from coverage under the "Fellow Employee" exclusion of the subject policy because both Vukovic and Rancic were "fellow employees" - - as evidenced by the lease agreement between AAA and MBDP007 - - and Vukovic' injuries arose out of and in the course of Rancic's act of completing the delivery for AAA.

**II.     The subject claim is also excluded under the subject policy's "Employee Indemnification and Employer's Liability" exclusion because Vukovic was a statutory employee whose injury arose out of and in the course of his act of performing the duties related to the conduct of AAA's business.**

In order for the "Employee Indemnification and Employer's Liability" exclusion to apply under the subject policy, (1) Vukovic must have been an "employee" and (2) Vukovic's injury must have arisen out of and in the course of his act of performing the duties related to the conduct of AAA's business.

Here, as already discussed above, Vukovic was a statutory employee at the time of the occurrence because he was hired to haul goods for AAA as both an independent-contractor driver and a team-driver, pursuant to the lease agreement between AAA and MBDP007.

11

As distinct from the "Fellow Employee" exclusion, the "Employee Indemnification and Employer's Liability" exclusion is not concerned with the person who caused the injury, namely Rancic, but rather the injured, namely Vukovic. Here, Vukovic's injury *arose out of* his act of performing duties related to the conduct of AAA's business. Vukovic's contractual duty to complete the haul was the "but for" cause of his injuries because he would not have been at Nezperce, Idaho, if he was not in the midst of hauling the goods for AAA. Also, Vukovic's injury occurred while *in the course of* his act of performing the duties related to the conduct of AAA's business. Although he was not actually driving the subject tractor-trailer at the time of the subject occurrence, he was still acting in the course of completing the delivery because specific duties cannot reasonably be carved out as being outside the course of performing his duties. *See Ooida*, 579 F.3d 469 (holding that a public-liability policy does not give rise to coverage for a team-driver's injury arising out of an accident that occurred while he was asleep as a passenger); *Consumers*, 307 F.3d 362 (holding that a public-liability policy does not give rise to coverage to a team-driver's claim for his injuries that he sustained while he was asleep as a passenger); *White*, 599 F.2d at 53 (holding that a team-driver who was resting is nevertheless a statutory employee because "the activities of each of the pair during a single driving stint, including his rest period, are clearly within the course of his employment.").

Therefore, Vukovic's injury claim is excluded from coverage under the "Employee Indemnification and Employer's Liability" exclusion because Vukovic was an "employee" - - as evidenced by the lease agreement between AAA and MBDP007 - - and Vukovic's injuries arose out of and in the course of his own actions of completing the delivery for AAA.

30787

## CONCLUSION

WHEREFORE, Plaintiff, NATIONAL CONTINENTAL INSURANCE COMPANY, respectfully requests that this Honorable Court enter an order entering summary judgment in favor of NCIC, and for any other such relief that this Honorable Court deems just and appropriate.

Respectfully submitted,
THE HUNT LAW GROUP, LLC

/s/ Brian J. Hunt

Brian J. Hunt

Brian J. Hunt (6208397)
Yong S. Lee (6327219)
THE HUNT LAW GROUP, LLC
Attorneys for Plaintiff
10 South LaSalle Street, Suite 1450
Chicago, Illinois 60603
312-384-2300 (phone)
312-443-9391 (fax)
bhunt@hunt-lawgroup.com
ylee@hunt-lawgroup.com